IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH E. GLYNN,

       Plaintiff,                 No. 2: 11-cv-3165 LKK KJN P

   vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.,

       Defendants.            <u>ORDER</u>
_____/

       Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").  Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court

1  will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison

2  trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated to

3  make monthly payments of twenty percent of the preceding month's income credited to

4  plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to

5  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing

6  fee is paid in full.  28 U.S.C. § 1915(b)(2).

7        The court is required to screen complaints brought by prisoners seeking relief

8  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

9  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

10  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

11  granted, or that seek monetary relief from a defendant who is immune from such relief.

12  28 U.S.C. § 1915A(b)(1),(2).

13        A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

14  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

15  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an

16  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

17  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

18  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

19  Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.

20  2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably

21  meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at

22  1227.

23        Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and

24  plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the

25  defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic

26  Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47

2

(1957)).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question,  id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

Named as defendants are the California Department of Corrections and Rehabilitation ("CDCR"), Governor Brown, CDCR Director Cate, CDCR Undersecretary Kernan, CDCR Undersecretary McDonald, Warden Dickinson, Correctional Lieutenant Spalding, Correctional Sergeant Williams and Correctional Officer Rolon.

Plaintiff alleges that he uses a wheelchair.  Plaintiff alleges that on December 3, 2010, he entered the dining hall for his morning meal.  As is customary for inmates using wheelchairs, plaintiff called out "carry out," which signals to prison staff to bring plaintiff his meal.  Plaintiff alleges that after he called out "carry out," defendant Rolon looked at plaintiff, turned away, and ignored him.  A few other inmates then entered the dining hall.  Plaintiff called out "carry out" two more times, but defendant Rolon ignored him.  Approximately fifteen minutes later, eighteen other inmates had entered the dining hall and received their meals.  At this time, inmate Johnson asked plaintiff why he had not received his meal.  Inmate Johnson then called out "carry out, this guy has been waiting fifteen minutes."  Defendant Rolon then shouted in an angry manner, "so what, he can 602 me."

Plaintiff alleges that defendant Williams interviewed him regarding his administrative appeal filed regarding defendant Rolon.  Defendant Williams apparently denied plaintiff's appeal.

3

1    Plaintiff alleges that defendant Spalding interviewed him regarding his second

2  level appeal.  Defendant Spalding apparently denied the appeal.  Plaintiff alleges that defendants

3  Cate, Kernan, McDonald and Dickinson failed to adequately investigate his claim against

4  defendant Rolon when they denied his third level appeal.

5    Plaintiff alleges that he has been subjected to other acts of discrimination because

6  he uses a wheelchair.  Plaintiff alleges that on June 16, 2011, as he approached the dining hall

7  entrance, Correctional Officer Hamel had the dining hall door open toward the hallway.

8  Correctional Officer Hamel blocked the passageway by standing at the door talking to

9  Correctional Officer Craig.  Plaintiff claims that when he approached he said, "excuse me," in an

10  attempt to enter the dining hall, but the officers ignored him.  Plaintiff then had to go around and

11  behind the officers to get into the dining hall.

12    Plaintiff alleges that on June 22, 2011, Correctional Officer Tyler unlocked the

13  door to plaintiff's dorm so that plaintiff could enter.  Plaintiff alleges that Correctional Officer

14  Tyler opened the door halfway, even though he could see that plaintiff's wheelchair would not fit

15  through the opening.  As a result, plaintiff had to bump into the sides of the door in order to enter

16  the dorm.

17    Plaintiff alleges that on June 24, 2011, as he made his way to the dining hall,

18  Correctional Officer Costello stood in his way.  As plaintiff approached, plaintiff said, "excuse

19  me."  Correctional Officer Costello looked at plaintiff, turned away, and continued talking to

20  Correctional Sergeant Brady.  Plaintiff was then forced to enter the middle section of the

21  corridor, which is out of bounds, in order to get into the dining hall.

22    Plaintiff alleges that on June 25, 2011, he and other inmates were waiting to board

23  an elevator.  As the doors were opening, Licensed Vocational Nurse Curry cut in front of the

24  disabled inmates.  Plaintiff asked Curry, "when can we get on?"  Curry replied, "no!"  Plaintiff

25  then said, "we've been waiting for a while for the elevator."  Curry responded, "so."

26  ////

4

1    Plaintiff alleges that on July 1, 2011, Correctional Officer Mech stood in his path

2  as he made his way to the morning meal.  Correctional Officer Mech said to plaintiff, "what!"

3  Plaintiff responded, "excuse me."  Correctional Officer Mech said to plaintiff, "go around."

4  Plaintiff responded, "I'm not allowed in the center of the hallway."  Correctional Officer Mech

5  responded, "That's not my problem."

6    Plaintiff seeks injunctive and monetary relief regarding the incident concerning

7  defendant Rolon and the related administrative grievances.  Plaintiff alleges violations of the

8  ADA, RA and the Fourteenth Amendment regarding the incident concerning defendant Rolon

9  and the related administrative grievances.

10    The undersigned first considers plaintiff's ADA and RA claims.  Title II of the

11  ADA and § 504 of the RA prohibit discrimination on the basis of disability.  Lovell v. Chandler,

12  303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA provides that "no qualified individual

13  with a disability shall, by reason of such disability, be excluded from participation in or be denied

14  the benefits of the services, programs, or activities of a public entity, or be subject to

15  discrimination by such entity." 42 U.S.C. § 12132.  Section 504 of the RA provides that, "no

16  otherwise qualified individual with a disability ... shall, solely by reason of her or his disability,

17  be excluded from the participation in, be denied the benefits of, or be subjected to discrimination

18  under any program or activity receiving Federal financial assistance..." 29 U.S.C. § 794.  Title II

19  of the ADA and the RA apply to inmates within state prisons.  Pennsylvania Dept. of Corrections

20  v. Yeskey, 524 U.S. 206, 210 (1998).

21    "To establish a violation of Title II of the ADA, a plaintiff must show that (1) [he]

22  is a qualified individual with a disability; (2) [he] was excluded from participation in or

23  otherwise discriminated against with regard to a public entity's services, programs, or activities;

24  and (3) such exclusion or discrimination was by reason of [his] disability." Lovell, 303 F.3d at

25  1052.  "To establish a violation of § 504 of the RA, a plaintiff must show that (1) [he] is

26  handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or

services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." Id.

"To recover monetary damages under Title II of the ADA or the Rehabilitation Act, a plaintiff must prove intentional discrimination on the part of the defendant," and the standard for intentional discrimination is deliberate indifference. Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988)).

A plaintiff may bring a claim under Title II of the ADA or the RA against *state entities* for injunctive relief and damages. See Phiffer v. Columbia River Correctional Institute, 384 F.3d 791 (9th Cir. 2004); Lovell, 303 F.3d 1039. However, a plaintiff cannot seek damages pursuant to the ADA and RA against the defendants in their individual capacities. Eason v. Clark County School Dist., 303 F.3d 1137, 1144 (9th Cir. 2002) (citing Garcia v. S.U.N.Y. Health, 280 F.3d 98, 107 (2d Cir. 2001)). To the extent plaintiff seeks to pursue claims against any individual defendant for violations of the ADA and RA, he may do so only with respect to seeking injunctive relief and only as to individual defendants he has named in their official capacities. Miranda B. v. Kitzhaber, 328 F.3d 1181, 1187-88 (9th Cir. 2003) (Title II's statutory language does not prohibit injunctive action against state officials in their official capacities); see also Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002) (plaintiffs seeking only prospective injunctive relief from defendants in their official capacities).

Pursuant to the legal standards set forth above, plaintiff can seek damages against defendant CDCR only, as this is the only state entity defendant named. As discussed above, in order to obtain damages, plaintiff must prove intentional discrimination on the part of defendant CDCR. Plaintiff alleges that on one occasion, defendant Rolon disregarded the policy that required him to bring food trays to disabled inmates. These allegations do not demonstrate that defendant CDCR had knowledge that plaintiff's rights were being violated. Defendant Rolon's

1  alleged failure to follow the policy on this one occasion does not demonstrate that defendant

2  CDCR acted with deliberate indifference.

3           As set forth above, plaintiff alleges that he was discriminated against on later

4  occasions.  However, plaintiff's allegations that he was forced to guide his wheelchair around

5  correctional officers who would not get out of his way and that on one occasion had to wait for

6  an elevator do not demonstrate that he was denied access to a program or service.  These

7  allegations, which occurred after the incident with defendant Rolon, do not demonstrate or

8  support plaintiff's claim that defendant CDCR acted with deliberate indifference with regard to

9  the actions of defendant Rolon.  Accordingly, plaintiff's claim for damages under the ADA and

10 RA are dismissed.

11          Turning to plaintiff's request for injunctive relief, plaintiff does not allege that he

12 was denied his meal on December 3, 2010, but only that it was delayed.  This one-time delay

13 does not amount to a denial of services under the RA or Title II of the ADA.  See Moore v.

14 Curtis, 68 Fed.Appx. 561, 563 (6th Cir. 2003) (allegation of isolated instances of failing to

15 accommodate disabled prisoner's condition does not state a claim under the ADA).

16          Turning to plaintiff's constitutional claim, the Fourteenth Amendment's Equal

17 Protection Clause which ensures that similarly situated persons are treated alike, applies to

18 prisoners.  Turner v. Safley, 482 U.S. 78, 84 (1987); Plyler v. Doe, 457 U.S. 202, 216 (1982). To

19 prevail on an equal protection claim, a prisoner must show that he or she was treated in a

20 disparate manner without a rational relationship to a legitimate state purpose.  San Antonio

21 School Dist. v. Rodriguez, 411 U.S. 1, 40 (1972); see also Lee v. City of Los Angeles, 250 F.3d

22 668, 687 (9th Cir. 2001) (rational basis test used for review policy that purposefully treats the

23 disabled differently from the non-disabled).

24          Although non-disabled individuals do not have their meals brought to them, they

25 are able to timely obtain their meals.  Therefore, plaintiff's claim that defendant Rolon refused to

26 bring him his meal states a potentially colorable Equal Protection claim.

1    Plaintiff alleges that defendants Williams, Spalding, Cate, Kernan, McDonald and

2    Dickinson failed to properly investigate and grant his administrative appeals regarding defendant

3    Rolon's conduct.  This action was brought under the Civil Rights Act which provides as follows:

4    Every person who, under color of [state law] ... subjects, or causes
     to be subjected, any citizen of the United States ... to the

5    deprivation of any rights, privileges, or immunities secured by the
     Constitution ... shall be liable to the party injured in an action at

6    law, suit in equity, or other proper proceeding for redress.

7    42 U.S.C. § 1983.

8    The statute requires that there be an actual connection or link between the actions

9    of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v.

10   Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A

11   person 'subjects' another to the deprivation of a constitutional right, within the meaning of §

12   1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform

13   an act which he is legally required to do that causes the deprivation of which complaint is made."

14   Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

15   Moreover, supervisory personnel are generally not liable under § 1983 for the

16   actions of their employees under a theory of respondeat superior and, therefore, when a named

17   defendant holds a supervisorial position, the causal link between him and the claimed

18   constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

19   (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory

20   allegations concerning the involvement of official personnel in civil rights violations are not

21   sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

22   A defendant sued in her individual capacity must be alleged to have: personally

23   participated in the alleged deprivation of constitutional rights; known of the violations and failed

24   to act to prevent them; or implemented a policy that repudiates constitutional rights and was the

25   moving force behind the alleged violations.  Larez v. City of Los Angeles, 946 F.2d 630, 646

26   (9th Cir. 1991); Hansen v. Black, 885 F.2d 642 (9th Cir. 1989); Taylor v. List, 880 F.2d 1040

8

1   (9th Cir. 1989).  "Although a § 1983 claim has been described as 'a species of tort liability,'

2   Imbler v. Pachtman, 424 U.S. 409, 417, it is perfectly clear that not every injury in which a state

3   official has played some part is actionable under that statute."  Martinez v. State of California,

4   444 U.S. 277, 285 (1980).  "Without proximate cause, there is no § 1983 liability."  Van Ort v.

5   Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

> The search, which was performed in accordance with this
> constitutionally valid strip search policy, was subsequently ratified
> by the School Board when Mr. Williams filed a grievance.
> Therefore, Williams' only grasp at evoking municipal liability
> under § 1983 is to show that this subsequent ratification is
> sufficient to establish the necessary causation requirements. Based
> on the facts, the Board believed Ellington and his colleagues were
> justified in conducting the search of Williams. There was no
> history that the policy had been repeatedly or even sporadically
> misapplied by school board officials in the past. Consequently, the
> School Board cannot be held liable for the ratification of the search
> in question, because this single, isolated decision can hardly
> constitute the "moving force" behind the alleged constitutional
> deprivation.

14   Williams v. Ellington, 936 F.2d 881, 884–85 (9th Cir. 1991).

15          The undersigned is unwilling to adopt a rule that anyone involved in adjudicating

16   grievances after the fact is per se potentially liable under a ratification theory.  However, this is

17   not to say that persons involved in adjudicating administrative disputes, or persons to whom

18   complaints are sometimes made, can never be liable under a ratification theory.  If, for example,

19   a reviewing official's rejections of administrative grievances can be construed as an automatic

20   whitewash, which may have led other prison officials to have no concern of ever being

21   reprimanded, a ratifying official may be liable for having put a defective policy in place.

22          In the instant case, plaintiff's allegations do not suggest that the denial of his

23   grievances would have led other prison officials to have no concern for being reprimanded for

24   refusing to bring plaintiff his food tray or otherwise discriminating against him based on his use

25   of a wheelchair.  While plaintiff alleges that other prison officials later discriminated against him

26   based on his disability, the undersigned does not find any link between the denial of his

1    grievances regarding defendant Rolon and the alleged conduct of these other prison officials.

2    The conduct of the other prison officials is more appropriately characterized as rude rather than

3    discriminatory.

4          The complaint contains no allegations against defendant Governor Brown.

5    Because plaintiff has failed to link defendant Brown to any alleged deprivation, the claims

6    against defendant Brown are dismissed.

7          Plaintiff's Fourteenth Amendment claim against defendant CDCR is barred by the

8    Eleventh Amendment.  The Eleventh Amendment bars suits brought by private parties against a

9    state or state agency unless the state or the agency consents to such suit.  See Quern v. Jordan,

10   440 U.S. 332 (1979); Alabama v. Pugh, 438 U.S. 781 (1978) ( per curiam); Jackson v.

11   Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982).  Although the Eleventh Amendment is not

12   jurisdictional, the court may raise the defect on its own.  Wisconsin Department of Corrections v.

13   Schacht, 524 U.S. 381, 389 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78 (1974).  In the

14   instant case, the State of California has not consented to suit.  Accordingly, plaintiff's Fourteenth

15   Amendment claim against defendant CDCR is legally frivolous.

16         Plaintiff may proceed forthwith to serve defendant Rolon and pursue his Equal

17   Protection claims against only that defendant or he may delay serving any defendant and attempt

18   to state a cognizable claim against the other defendants discussed above.

19         If plaintiff elects to attempt to amend his complaint to state a cognizable claim

20   against the remaining defendants, he has thirty days in which to do so.  He is not obligated to

21   amend his complaint.

22         If plaintiff elects to proceed forthwith against defendant Rolon, against whom he

23   has stated a potentially cognizable claim for relief, then within thirty days he must return

24   materials for service of process enclosed herewith.  If plaintiff proceeds with requesting service

25   on defendant Rolon, the court will construe plaintiff's election as consent to dismissal of all

26   claims against the remaining defendants without prejudice.

1    Plaintiff is advised that in an amended complaint he must clearly identify each

2   defendant and the action that such defendant allegedly took that violated plaintiff's constitutional

3   rights.  The court is not required to review exhibits to determine what plaintiff's charging

4   allegations are as to each named defendant.  The charging allegations must be set forth in the

5   amended complaint so defendants have fair notice of the claims plaintiff is presenting.

6    Any amended complaint must show the federal court has jurisdiction, the action is

7   brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true.  It

8   must contain a request for particular relief.  Plaintiff must identify as a defendant only persons

9   who personally participated in a substantial way in depriving plaintiff of a federal constitutional

10  right.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the

11  deprivation of a constitutional right if he does an act, participates in another's act or omits to

12  perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff

13  contends he was the victim of a conspiracy, he must identify the participants and allege their

14  agreement to deprive him of a specific federal constitutional right.

15   In an amended complaint, the allegations must be set forth in numbered

16  paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a

17  single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate

18  transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P.

19  10(b).

20   The federal rules contemplate brevity.  See Galbraith v. County of Santa Clara,

21  307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved

22  any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ.

23  P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).  Plaintiff's claims must

24  be set forth in short and plain terms, simply, concisely and directly.  See Swierkiewicz v. Sorema

25  N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system,

26  which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  Plaintiff

1  must not include any preambles, introductions, argument, speeches, explanations, stories,

2  griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like.

3  McHenry v. Renne, 84 F.3d 1172, 1177-78 (9th Cir. 1996) (affirming dismissal of § 1983

4  complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597

5  (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully

6  warranted" in prisoner cases).  The court (and defendant) should be able to read and understand

7  plaintiff's pleading within minutes.  McHenry, 84 F.3d at 1179-80.  A long, rambling pleading

8  including many defendants with unexplained, tenuous or implausible connection to the alleged

9  constitutional injury, or joining a series of unrelated claims against many defendants, very likely

10  will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

11  plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

12          A district court must construe a pro se pleading "liberally" to determine if it states

13  a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff

14  an opportunity to cure them.  See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

15  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a

16  cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129

17  S. Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

18  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that

19  is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 570).

20              A claim has facial plausibility when the plaintiff pleads factual
               content that allows the court to draw the reasonable inference that
21              the defendant is liable for the misconduct alleged. The plausibility
               standard is not akin to a "probability requirement," but it asks for
22              more than a sheer possibility that a defendant has acted unlawfully.
               Where a complaint pleads facts that are merely consistent with a
23              defendant's liability, it stops short of the line between possibility
               and plausibility of entitlement to relief.
24

25  Id. (citations and quotation marks omitted).  Although legal conclusions can provide the

26  framework of a complaint, they must be supported by factual allegations, and are not entitled to

1   the assumption of truth.  Id. at 1950.

2          An amended complaint must be complete in itself without reference to any prior

3   pleading.  Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff

4   files an amended complaint, the original pleading is superseded.

5          By signing an amended complaint, plaintiff certifies he has made reasonable

6   inquiry and has evidentiary support for his allegations, and for violation of this rule the court may

7   impose sanctions sufficient to deter repetition by plaintiff or others.  Fed. R. Civ. P. 11.

8          A prisoner may bring no § 1983 action until he has exhausted such administrative

9   remedies as are available to him.  42 U.S.C. § 1997e(a).  The requirement is mandatory.  Booth

10  v. Churner, 532 U.S. 731, 741 (2001).  California prisoners or parolees may appeal "any

11  departmental decision, action, condition, or policy which they can demonstrate as having an

12  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, §§ 3084.1, et seq.  An appeal must be

13  presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and

14  "action requested."  Therefore, this court ordinarily will review only claims against prison

15  officials within the scope of the problem reported in a CDC form 602 or an interview or claims

16  that were or should have been uncovered in the review promised by the department.  Plaintiff is

17  further admonished that by signing an amended complaint he certifies his claims are warranted

18  by existing law, including the law that he exhaust administrative remedies, and that for violation

19  of this rule plaintiff risks dismissal of his entire action, including his claim against Rolon.

20          Plaintiff has requested the appointment of counsel.  The United States Supreme

21  Court has ruled that district courts lack authority to require counsel to represent indigent

22  prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In

23  certain exceptional circumstances, the court may request the voluntary assistance of counsel

24  pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991);

25  Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court

26  does not find the required exceptional circumstances.  Plaintiff's request for the appointment of

13

1   counsel will therefore be denied.

2           Accordingly, IT IS HEREBY ORDERED that:

3           1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

4           2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

5   Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

6   § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

7   Director of the California Department of Corrections and Rehabilitation filed concurrently

8   herewith.

9           3.  Claims against all defendants but for his Equal Protection claim against

10  defendant Rolon are dismissed with leave to amend.  Within thirty days of service of this order,

11  plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.

12  Plaintiff is not obliged to amend his complaint.

13          4.  The allegations in the pleading are sufficient to state a potentially cognizable

14  Equal Protection claim against defendant Rolon.  See 28 U.S.C. § 1915A.  With this order the

15  Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed

16  November 30, 2011, one USM-285 form and instructions for service of process on defendant

17  Rolon.  Within thirty days of service of this order plaintiff may return the attached Notice of

18  Submission of Documents with the completed summons, the completed USM-285 forms, and

19  one copy of the November 30, 2011 complaint.  The court will transmit them to the United States

20  Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendant Rolon will be required to

21  respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  If

22  plaintiff proceeds with requesting service on defendant Rolon, the court will construe plaintiff's

23  election to proceed forthwith as consent to an order dismissing his defective claims against the

24  other defendants as well as the ADA and RA claim against defendant Rolon without prejudice.

25          5.  Failure to comply with this order will result in a recommendation that this

26  action be dismissed.

1      6.  Plaintiff's motion for appointment of counsel (Dkt. No. 6) is denied.

2  DATED:  January 3, 2012

3

4

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

6  gl3165.14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                  FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   RALPH E. GLYNN,

11             Plaintiff,              No. 2: 11-cv-3165 LKK KJN P

12        vs.

13   CALIFORNIA DEPARTMENT
     OF CORRECTIONS AND
14   REHABILITATION, et al.,

15             Defendants.              <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>
     _____/

16

17        Plaintiff hereby submits the following documents in compliance with the court's

18   order filed _____:

19             _____       completed summons form

20             _____       completed forms USM-285

21             _____       copies of the _____

22                         Amended Complaint

23        _____   Plaintiff consents to the dismissal of defendants

24             [names] without prejudice.

25

26        OR

16

1        _____ Plaintiff opts to file an amended complaint and delay service of process.

2   Dated:

3

4                                              _____
                                                           Plaintiff

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26