IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH E. GLYNN,

      Plaintiff,                        No. 2:11-cv-3165 LKK KJN P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND REHABILITATION,

      Defendants.                     ORDER

_____/

      Plaintiff is a state prisoner, proceeding in propria persona and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. On October 26, 2012, plaintiff filed a motion styled "Motion of Conflict of Interest -- Good Cause," in which it appears plaintiff seeks to disqualify the state attorney general's office from representing defendants. Plaintiff claims that a conflict of interest exists because "the people employ the Attorney General, as prosecuting attorney, to represent the people." (Dkt. No. 35 at 2.) For the following reasons the court finds that plaintiff's motion should be denied.

      The state has a mandatory duty to represent the state and any state officer acting in an official capacity. See Cal. Gov. Code § 12512 ("The Attorney General shall . . . defend all causes to which the State, or any State officer is a party in his official capacity . . ."). In

1

1  representing the state, the Attorney General will also normally represent the public interest.  See,
2  e.g., D'Amico v. Board of Medical Examiners, 11 Cal.3d 1, 14-15 (1974).  In an exceptional
3  case, the Attorney General may recognize a conflict of interest between the duty to represent the
4  public interest and the duty to represent a state agency.  "However, unless the Attorney General
5  asserts the existence of such a conflict, it must be concluded that the actions and determinations
6  of the Attorney General in such a lawsuit are made both a representative of the public interest
7  and as counsel for the state agency or officer."  D'Amico, 11 Cal.3d at 15.

8          In the instant case the Attorney General has not asserted any conflict of interest.
9  Furthermore, the court finds that this case does not present "the exceptional case."  It is
10 exceedingly common in this district for state prisoners to file civil rights actions against the
11 California Department of Corrections and Rehabilitation and its employees based on
12 constitutional grounds.  These cases do not present the type of "public interest" case which
13 would normally invoke a potential conflict of interest.  Finally, actions taken by the Attorney
14 General on behalf of state employees do not present a conflict of interest for an opposing party.
15 Therefore, the court finds no merit to plaintiff's claim that the representation of defendants by the
16 Attorney General presents a conflict of interest.

17         Accordingly, IT IS HEREBY ORDERED that plaintiff's October 26, 2012 motion
18 (dkt. no. 35) is denied.

19 DATED:  December 4, 2012

                                    _____
                                    KENDALL J. NEWMAN
                                    UNITED STATES MAGISTRATE JUDGE

23 glyn3165.con