IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RALPH E. GLYNN,

      Plaintiff,                    No. 2:11-cv-3165 LKK KJN P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION,

      Defendants.              <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. Plaintiff has filed a motion for extension of time to file an opposition to defendant's April 26, 2013 motion for summary judgement. Plaintiff requests until July 20, 2013 to file his opposition. Good cause appearing, plaintiff's motion is granted. However, no further requests for extension of time will be granted.

        Plaintiff has also requested that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332,

1

1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

       Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

       Good cause appearing, IT IS HEREBY ORDERED that:

       1. Plaintiff's motion for an extension of time (ECF No. 47) is granted;

       2. Plaintiff is granted up to and including July 20, 2013 in which to file an opposition to the motion for summary judgment; and

       3. Plaintiff's motion for the appointment of counsel (ECF No. 48) is denied without prejudice.

DATED: June 5, 2013

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

glyn3165.36+31